David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:   (602) 265-3332
Facsimile:    (602) 230-4482

Attorneys for Plaintiffs
Noel Guevarra Martinez and Denise Ortiz

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Noel Guevarra Martinez and Denise Ortiz, individually and on behalf of others similarly situated<br><br>                   Plaintiffs,<br>v.<br><br>Stellar Recovery, Inc.<br><br>                   Defendants. | Case No: _____<br><br>**Class Action Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1.  Noel Guevarra Martinez and Denise Ortiz ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Stellar Recovery, Inc. ("Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to

herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The actions alleged herein to have been undertaken by the Defendant were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged, and are actions for which each defendant is liable. Each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs*., LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an

emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

6.  As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8.  Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9.   Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County.

10.  At all times relevant, Defendant conducted business within the State of Arizona.

### PARTIES

11.  Plaintiff is a natural person who resides in the City of Glendale, State of Arizona.

12.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13.  Defendant is located in the city of Jacksonville, State of Florida and is licensed to collect debts within the State of Arizona.

14.  Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

### FACTUAL ALLEGATIONS AS TO NOEL GUEVARA MARTINEZ

15.  On or about January 16, 2014 at 12:44 pm, Defendant or its agent/s began contacting Plaintiff Martinez on Plaintiff Martinez's cellular telephone number ending in 5779 via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A) in order to collect an alleged debt.

16.  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17.  Defendant placed calls to Plaintiff Martinez using the telephone number (480) 719-2570.

18.  This January 16, 2014 call used a pre-recorded voice.

19.  At no time did Plaintiff Martinez provide his cellular phone number to Defendant through any medium.

20.   Plaintiff Martinez obtained his current cell phone number after the alleged debt was incurred; therefore he did not provide any consent to the alleged original creditor.

21.   The telephone number Defendant or its agent/s called was assigned to a cellular telephone service for which Plaintiff Martinez incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22.   These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23.   Plaintiff Martinez did not provide Defendant prior express consent to receive calls to his cellular telephone utilizing an ATDS, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24.   This telephone call by Defendants or its agent(s), violated 47 U.S.C. § 227(b) (1).

### FACTUAL ALLEGATIONS AS TO DENISE ORTIZ

25.   On or about June 12, 2014 at 7:04 pm, Defendant or its agent/s began contacting Plaintiff Ortiz on Plaintiff Ortiz's cellular telephone number ending in 7846 via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A) in order to collect an alleged debt of a third party.

26.   This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27.   Defendant placed calls to Plaintiff Ortiz using the telephone number (480) 719-2568.

28.   On or about June 30, 2014, Defendant or its agent/s called Plaintiff Ortiz on Plaintiff Ortiz's cellular telephone number ending in 7846 via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

29.   This June 30, 2014 call used a pre-recorded voice.

30.   At no time did Plaintiff Ortiz provide her cellular phone number to Defendant through any medium.

31.   The telephone number Defendant or its agent/s called was assigned to a cellular telephone service for which Plaintiff Ortiz incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

32.   These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33.   Plaintiff Ortiz did not provide Defendant prior express consent to receive calls to his cellular telephone utilizing an ATDS, pursuant to 47 U.S.C. § 227 (b)(1) (A).

34.   This telephone call by Defendants or its agent(s), violated 47 U.S.C. § 227(b) (1).

## CAUSES OF ACTION

## CLASS ACTION ALLEGATIONS

35.   Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

36.   Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any telephone call from Defendant or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes within the four years prior to the filing of this Complaint.

37.   Defendant and its employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38.  Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.   Plaintiff and the Class members were damaged thereby.

39.  This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.   Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40.  The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.   The Class can be identified through Defendants' records or Defendants' agents' records.

41.  There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.   The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a)   Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

b)      Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c)      Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

42.   As a person that received at least one telephonic communication from Defendant's ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.   Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

43.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.   Absent a class action, the Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.   Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

44.   Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

45.   A class action is a superior method for the fair and efficient adjudication of this controversy.   Class-wide damages are essential to induce Defendants to comply with federal and California law.   The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46.  Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### NEGLIGENT VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

47.  Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

48.  The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

49.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50.  Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

51.  Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

52.  The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

53.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs are entitled to treble damages, as provided by statute, up

to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3) (B) and 47 U.S.C. § 227(b)(3)(C).

54.    Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant, and Plaintiffs be awarded damages from Defendant, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

55.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: July 1, 2014                    By: **_/s/ David J. McGlothlin_**
                                      David J. McGlothlin
                                      Attorneys for Plaintiff